UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

25cr454 DSD/DJF

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TONY TERRELL ROBINSON,<br><br>　　　　　　Defendant. | **INDICTMENT**<br><br>18 U.S.C. § 371<br>18 U.S.C. § 1343 |

THE UNITED STATES GRAND JURY CHARGES:

## INTRODUCTION

1.　　From on or about December 2021 until on or about October 2022, TONY TERRELL ROBINSON participated in a scheme to defraud a variety of federal, state, local, and private COVID-19 relief programs and other sources of funding. The fraud was conducted through Encouraging Leaders, a Minneapolis non-profit founded and led by Tezzaree El-Amin Champion.

2.　　ROBINSON's role at Encouraging Leaders included assisting Champion with the submission of false grant applications and progress reports. The false statements caused grantmaking organizations to pay Encouraging Leaders for work the organization had not actually performed. Participants in the scheme, including Champion and ROBINSON, then retained funds derived from the grants for themselves.

3.　　Victims included the U.S. Department of Justice, the Minnesota State Arts Board, and local non-profits. During ROBINSON's participation, the scheme resulted in a loss of more than $1 million to fraud victims.



SCANNED
NOV 2 5 2025
U.S. DISTRICT COURT MPLS

United States v. Robinson

## BACKGROUND

4. At all times relevant to the indictment:

a. Encouraging Leaders was a Minneapolis-based nonprofit organization with a nominal purpose of empowering underrepresented youth in Minneapolis.

b. Tezzaree El-Amin Champion founded and ran Encouraging Leaders. He used the organization to fraudulently obtain funding from federal, state, local, and private grant-making entities.

c. Defendant TONY TERRELL ROBINSON worked at Encouraging Leaders, including as the Operations Director. In that role, he directed and assisted with the drafting of grant applications and progress reports to grantmaking organizations.

d. The U.S. Department of Justice is the nation's primary law-enforcement agency, with a mission of ensuring the fair and impartial administration of justice for all Americans. In addition to prosecuting criminal cases, the Department issues grant awards to support public safety and justice activities in communities nationwide. Focuses of the Department's grantmaking include juvenile justice and substance-abuse prevention, harm reduction, treatment, and recovery services.

e. The Minnesota State Arts Board is a state agency that "stimulates and encourages the creation, performance, and appreciation of the arts in the state" by issuing grants to individuals, theaters, museums, choirs, orchestras, ballets, and other arts organizations, large and small, across Minnesota.

United States v. Robinson

  f. Nonprofit A is a Minnesota non-profit that was founded by the McKnight Foundation. Its mission is to "to champion learning beyond the classroom so that all Minnesota youth thrive." It accomplishes that goal through grantmaking to fund youth programming and promote innovation at youth-service organizations.

  5. From on or about 2020 until 2024, Champion, ROBINSON, and others conspired and devised and executed a scheme and artifice to defraud and to obtain money from a variety of federal, state, local, and private COVID-19 relief programs and other sources of funding by means of materially false and fraudulent pretenses, representations, promises, and concealment of material facts. ROBINSON participated in the conspiracy and scheme from on or about December 2021 until on or about October 2022.

  6. As part of the conspiracy, Champion submitted fraudulent applications on behalf of Encouraging Leaders to receive grant funding from various agencies and non-profits. The U.S. Department of Justice, the Minnesota State Arts Board, Non-Profit A, and other organizations issued grants to Encouraging Leaders.

  7. Also as part of the conspiracy, ROBINSON assisted Champion with the preparation and submission of fraudulent progress reports to the grantmaking organizations. ROBINSON knew these progress reports falsely claimed that Encouraging Leaders had used grant funds to organize certain events and activities. For certain events and activities, the claims overstated Encouraging Leaders' involvement. For others, in reality, no event or activity took place.

United States v. Robinson

8.  Also as part of the conspiracy, Champion paid ROBINSON for his participation in the fraud scheme through Encouraging Leaders and other entities that Champion controlled.

## COUNT 1
(Conspiracy)

9.  Paragraphs 1 through 8 are incorporated herein.

10. From on or about December 2021 until on or about October 2022, in the State and District of Minnesota and elsewhere, the defendant,

**TONY TERRELL ROBINSON,**

did knowingly and willfully conspire with Champion to commit an offense against the United States, that is, wire fraud as set forth in this Indictment.

11. The purpose of the conspiracy was: to defraud a variety of federal, state, local, and private COVID-19 relief programs by submitting applications and progress reports containing materially false statements, causing the programs to pay Encouraging Leaders for work the organization did not perform; for Champion, ROBINSON, and others to share proceeds of the fraud; and to cause the programs to not discover the fraud.

12. The manner and means of the conspiracy included the conduct described in paragraphs 1 through 11, which are hereby incorporated by reference. Among other things, conduct in furtherance of the conspiracy included:

   a.  Champion caused Encouraging Leaders to win grant awards from the U.S. Department of Justice, the Minnesota State Arts Board, and Non-Profit A.

United States v. Robinson

  b. ROBINSON directed Individual A to prepare a progress report for the U.S. Department of Justice that ROBINSON knew contained false statements about events and activities that ROBINSON knew Encouraging Leaders had not in fact performed.

  c. ROBINSON directed Individual A to prepare a progress report for the Minnesota State Arts Board that ROBINSON knew contained false statements about events and activities that ROBINSON knew Encouraging Leaders had not in fact performed.

  d. ROBINSON prepared reports and notes regarding services supposedly provided to Students 1, 2, and 3 as part of Encouraging Leaders' grant from Non-Profit A when ROBINSON knew those services had not in fact been provided.

  13. In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the State and District of Minnesota and elsewhere:

  a. On or about January 19, 2022, ROBINSON directed Individual A to "copy and paste" language from Encouraging Leaders' grant application to the Department of Justice to create a false progress update to be submitted to the Department;

  b. On or about December 29, 2021, ROBINSON told Individual A to draft a progress report to the Minnesota State Arts Board falsely stating that Encouraging Leaders did what the organization promised it would do in the organization's grant application to the Minnesota State Arts Board;

  c. On or about April 7, 2022, ROBINSON drafted a report later submitted to Non-Profit A about a purported meeting with Student 1, falsely claiming that

United States v. Robinson

Encouraging Leaders had provided the student with services under the grant from Non-Profit A;

        d.      On or about April 7, 2022, ROBINSON drafted a report later submitted to Non-Profit A about a purported meeting with Student 2, falsely claiming that Encouraging Leaders had provided the student with services under the grant from Non-Profit A; and

        e.      On or about April 7, 2022, ROBINSON drafted a report later submitted to Non-Profit A about a purported meeting with Student 3, falsely claiming that Encouraging Leaders had provided the student with services under the grant from Non-Profit A.

14.    All in violation of Title 18, United States Code, Section 371.

## COUNTS 2–5
(Wire Fraud)

15.    Paragraphs 1 through 14 are incorporated herein.

16.    On or about the dates set forth below, in the State and District of Minnesota and elsewhere, the defendant,

**TONY TERRELL ROBINSON,**

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud, knowingly caused to be transmitted by means of a wire communication in interstate commerce, certain writings, signs, signals, and sounds, as follows:

United States v. Robinson

| Count | Date (on or about) | Wire Details |
|---|---|---|
| 2 | January 20, 2022 | $19,524 wire transfer from the Federal Reserve Bank of Philadelphia to Encouraging Leaders' bank account at Citizens Independent Bank in St. Louis Park, Minnesota |
| 3 | February 18, 2022 | $19,524 wire transfer from the Federal Reserve Bank of Philadelphia to Encouraging Leaders' bank account at Citizens Independent Bank in St. Louis Park, Minnesota |
| 4 | May 4, 2022 | $3,125 wire transfer through Non-Profit A's Bill.com account to Encouraging Leaders's bank account at Citizens Independent Bank in St. Louis Park, Minnesota |
| 5 | August 19, 2022 | $19,524 wire transfer from the Federal Reserve Bank of Philadelphia to Encouraging Leaders' bank account at Citizens Independent Bank in St. Louis Park, Minnesota |

All in violation of Title 18, United States Code, Sections 1343.

## FORFEITURE ALLEGATIONS

17.   If convicted of any of Counts 1 through 5 of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 1343.

18.   If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p) as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____   _____
UNITED STATES ATTORNEY                FOREPERSON